### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

| | | |
|---|---|---|
| BRITTANY ROGERS, on Behalf of<br>Herself and All Others<br>Similarly-situated, *et al*. | )<br>)<br>)<br>) | |
| *Plaintiffs,* | )<br>) | COLLECTIVE ACTION<br><br>CASE NO. <u>4:18-CV-00074-JHM</u> |
| v. | )<br>) | |
| THE WEBSTAURANT STORE, INC. | )<br>) | |
| *Defendant.* | )<br>) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DUNCAN-DEFENDANT AGREEMENT

Comes now the Defendant, The Webstaurant Store, Inc. ("Webstaurant"), by counsel, and for its Response to Plaintiffs' Motion to Compel Production of Duncan-Defendant Agreement ("Agreement") states as follows:

### **ARGUMENT**

### I.    The Duncan Agreement should not be produced.

Plaintiffs enumerate several roundabout reasons in their Motion to Compel for why the Agreement (Request 8) should be produced, many of which are new to Defendant or defy the very nature of a settlement agreement. Most importantly, purpose of any settlement agreement is to deny liability while still settling a suit – each settling party foregoes certain rights, abilities, and opportunities in order to settle the case, not the least of which is the ability to leverage the settlement for future gain.  Plaintiffs' very intent, however, is to use the Agreement from a prior lawsuit in order to establish liability in this case. Ct. Doc. 49 at 5-7. If Plaintiffs do intend to

glean an argument for liability from the fact that Defendant settled a prior FLSA litigation, Plaintiffs do not need the Agreement to establish that Defendant was engaged in a prior FLSA litigation which was settled, and Plaintiffs' counsel cannot "have his cake and eat it too" by leveraging prior settlement agreements for subsequent pecuniary gain.

Plaintiffs then argue that a confidentiality provision will make a jury more likely to conclude that the June 11 Groff email was misleading. Ct. Doc. 49 at 5. This is more adverse and conspiratorial logic that has been characteristic of Plaintiffs' arguments throughout the case thus far. A plainer and more sensible interpretation would be that the confidentiality provision existed by virtue of the Agreement being a settlement agreement, and which is a provision that most settlement agreements have. Again, this is an attempt to take a legal and binding settlement agreement – which we cannot ignore that Plaintiffs' counsel negotiated for his previous client – and construe that very Agreement as implicating liability in this case.

As for the likelihood that the Agreement would lead to other relevant evidence, that is also unlikely. First, Plaintiffs' counsel knows exactly what is in the Agreement and that cannot be unknown no matter what degree of separation he tries to claim. In similar fashion, Plaintiffs' counsel cannot use the Agreement without vitiating its confidentiality clause because he can never not be April Duncan's attorney. Second, any communications referencing the Agreement would stand alone, would not be mutually inclusive with the Agreement, and would be contemplated by Plaintiffs' remaining exhaustive discovery requests. There is no support for the contention that production of the Agreement is prerequisite to subsequent emails that may refer to it.

Rather, this is apparently a ruse to obtain the Agreement and disseminate its contents to putative class members. The prejudicial effect of such dissemination would be to inflate the

expectations of the putative class, and be unduly prejudicial to Defendant, based on a settlement figure in the April Duncan case which may not be an accurate reflection each putative class-member's likelihood of recovery. Such a communication would also contradict Plaintiffs' prior pleas for Court-guided communication to putative class members, which was re-hashed in Plaintiffs' Motion to Compel *ad nauseam*.

## II.    Attorney's fees should not be ordered.

Rule 37(a)(5)(A)(ii) states that "… the court must not order this payment [of Plaintiffs' attorney's fees] if: (ii) [Defendant's] nondisclosure, response, or objection was substantially justified." Defendants did not produce the confidential Agreement because that is the very nature of a settlement agreement containing a confidentiality clause. Production would breach the Agreement and would lead to undue prejudice upon Defendant. Plaintiffs had not showed the propriety of their request for that confidentiality clause and still have not, which is clear by the roundabout arguments employed in attempt to garner it and which have been raised for the first time. For those reasons, Defendants non-production of the Agreement in response to Request 8 has been substantially justified.

## <u>CLOSING</u>

Production of the Agreement would breach the Agreement and would likely lead to the dissemination of documents which would be misleading to the putative class and unduly prejudicial to Defendant. There has also been no showing that the Agreement is likely to lead to more discoverable information. As such, the Agreement should not be produced.

*[Signature on Following Page]*

3

Respectfully submitted,

/s/ Parker M. Wornall
Randall S. Strause
Courtney L. Graham
Parker M. Wornall
STRAUSE LAW GROUP, PLLC
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
T: (502) 426-1661
F: (502) 426-6772
E: rstrause@strauselawgroup.com
   cgraham@strauselawgroup.com
   pwornall@strauselawgroup.com
COUNSEL FOR WEBSTAURANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2018, a true and correct copy of the foregoing was sent via **email** and **first class mail** to the following:

Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
MFoster@MarkNFoster.com
*Counsel for Plaintiff Brittany Rogers*

/s/ Parker M. Wornall
Parker M. Wornall
COUNSEL FOR WEBSTAURANT