# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| BRITTANY ROGERS, on Behalf of Herself and All Others Similarly-situated, *et al*. | ) ) ) |
| | ) COLLECTIVE ACTION |
| *Plaintiffs,* | ) ) |
| | ) CASE NO. 4:18-CV-00074-JHM |
| v. | ) ) |
| THE WEBSTAURANT STORE, INC. | ) ) |
| *Defendant.* | ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF COMMUNICATIONS FROM DEFENDANT'S COUNSEL TO DUNCAN'S COUNSEL REGARDING CLASSIFICATION OF CUSTOMER SOLUTIONS SPECIALISTS AS EXEMPT OR NON-EXEMPT UNDER THE FLSA**

Comes now the Defendant, The Webstaurant Store, Inc. ("Webstaurant"), by counsel, and for its Response to Plaintiffs' Motion to Compel Production of Communications from Defendant's Counsel to Duncan's Counsel Regarding Classification of Customer Solutions Specialists as Exempt or Non-Exempt Under the FLSA states as follows:

## ARGUMENT

**I. Defendant reserved the right to raise privilege arguments and raised the settlement negotiations privilege.**

Defendant, in its Objections and Responses to Plaintiffs' First Set of Requests for Production, reserved various rights and abilities. In pertinent part, Defendant reserved "[t]he right at any time to amend, supplement, revise, correct, or clarify any of the responses contained herein" and "[a]ll objections as to any privilege including, but not limited to, the attorney-client

privilege and work-product privilege." This was done in consideration of the extent of the requests for the production and the early phase of litigation in which the requests were sent, *inter alia*. The extent of the requests and of responsive discoverable materials made it impossible to evaluate all privileges or all privileged documents at the outset. Initially, Defendants simply thought Request 7, seeking the March 6, 2018 documents regarding April Duncan, to be redundant and also considered that Plaintiffs' counsel already had said documents, thus the objection was tailored toward those notions.

Additionally, the privilege assertion was preserved during the Local Rule 37.1 conference call on August 16, 2018 between Plaintiffs' counsel and Defendant's counsel where Plaintiff and Defendant Agreed that Defendant would amend various responses, of which Request 7 was one. During that call when addressing Request 7, Plaintiffs' counsel indicated that he was seeking the settlement documents because of his prior representation of April Duncan, which Defendant had not previously considered. Given the extensiveness of the August 16, 2018 telephonic conference, both in time and in content covered, it was not practical to have adequately reviewed and responded to Plaintiffs' newly raised consideration as to why Plaintiff submitted Request 7, just as various other amendments were made after that conference call.. After analyzing Request 7 in light of the August 16, 2018 conference call, Defendant asserted the settlement negotiation privilege which applies to this scenario and should preclude the disclosure of those documents.

FRCP 26(b)(1) states that "…[p]arties may obtain discovery regarding any nonprivileged matter….". Since the request sought written emails and correspondences between Plaintiffs' attorney Mark Foster and Webstaurant's former attorney Jeff Worley regarding settlement negotiations of the prior case: *April Duncan v. the Webstaurant Store, Inc.*, Case No. 18-CI-203 in Hopkins County, Kentucky Circuit Court, Defendant raised the settlement negotiations

privilege which was initially set forth in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003).

*Goodyear* featured a party that appealed an order of the United States District Court for the Northern District of Ohio, at Akron, which denied his motion to vacate or modify a confidentiality order that prevented the named parties from discussing the contents of settlement negotiations in a separate proceeding in Colorado. The Sixth Circuit Court of Appeals ultimately concluded that communications made in furtherance of settlement were privileged. Specifically, that court stated in its order that "'the content of settlement discussions are always confidential' and may never be disseminated, even after a case is closed." *Id.* at 978. "There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations" because "[p]arties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of 'impeachment evidence,' by some future third party." *Id. at 980*. An ancillary purpose for making settlement negotiations privileged is that there is no guarantee as to veracity of statements made pursuant to negotiations of a settlement, *i.e.* negotiation statements often only exist for the purpose of leading to a settlement but not as a concrete factual statement. *Id. at 981*.

Any purported purpose by Plaintiff to use the sought after settlement negotiations under the "impeachment exception" of FRE 408 will also not pass muster, which is what the movant in *Goodyear* also tried to do. The court in *Goodyear* reasoned that such a maneuver "would constitute an attempt to circumvent the Rules of Evidence and to utilize the statement for the substantive purpose of proving the exact question at issue…. Hence, the statement would likely be inadmissible under Rules 403 and 408." *Id.* at 982—83.

## II. There are other ways to show classification of employees than through settlement negotiations.

Plaintiff now purports that the only information it seeks in the Request 7 communications is regarding the classification of Affected Parties as exempt or non-exempt employees under the FLSA. There are other ways, though, to show classification of employees than through settlement negotiations of a previous case, many of which have already been disclosed during discovery and/or will be disclosed once they are processed for production. Plaintiff is aware of this and has asked for those documents in Requests 25 and 26.[1] Rather, this is apparently a ruse to obtain the settlement negotiations and disseminate their contents to putative class members. The prejudicial effect of such dissemination would be to inflate the expectations of the putative class, and be unduly prejudicial to Defendant, based on a settlement figure in the April Duncan case which may not be an accurate reflection each putative class-member's likelihood of recovery. Such a communication would also contradict Plaintiffs' prior pleas for Court-guided communication to putative class members. Ct. Doc. 9. Further, Plaintiffs' diatribe regarding authenticity and Defendants responses to the Requests to Admit are immaterial because discoverability and admissibility are mutually exclusive concepts. Ct. Doc. 52 at 5, fn. 6.

## III. Plaintiff now seeking only a portion of the communications is the first time that has been proposed.

In Plaintiffs' Motion to Compel, the notion is raised that Plaintiffs would be content with redacted versions of the sought after communications, leaving only "the portion relating to Defendant's exposition of facts." Ct. Doc. 52 at 11. This is the first Defendant has heard of this alternative approach although Plaintiff has had ample opportunity to propose it. Efforts to narrow

---

[1] Request 25: All documents regarding the classification of Customer Solutions Specialist as exempt or non-exempt from requirements regarding overtime pay under the Fair Labor Standards Act.
Request 26: All documents regarding the classification of Logistics Liaison as exempt or non-exempt from requirements regarding overtime pay under the Fair Labor Standards Act.

4

or clarify various discovery requests in this way could, which Defendant has requested on several occasions, could have prevented this Motion to Compel.

 IV.    **Attorney's fees should not be ordered.**

Rule 37(a)(5)(A)(ii) states that "… the court must not order this payment [of Plaintiffs' attorney's fees] if: (ii) [Defendant's] nondisclosure, response, or objection was substantially justified." Discovery in this case is not only extensive but also fluid. Defendant has worked to revise discovery responses and to prioritize and produce documents most pertinent and likely to lead towards a resolution of this case. While the settlement negotiation privilege was not initially asserted, it was raised after the Local Rule 37.1 conference – the purpose of which is to facilitate discovery – and the assertion of that privilege has been substantially justified, which is apparent by the supporting case law cited herein. For Plaintiff to narrow its request for the Request 7 communications for the first time in this Motion to Compel is indicative that there were additional measures that could have been taken to resolve this issue prior to this Motion to Compel. As such, Plaintiffs' attorney's fees should not be awarded.

## **CLOSING**

The communications contemplated by Request 7 are not discoverable pursuant to the settlement negotiations privilege originally established in *Goodyear*. Defendant preserved and ultimately asserted the privilege both by virtue of its reservation of defenses and arguments in its initial responses to Plaintiffs' discovery requests, and because Plaintiffs agreed to allow Defendant to revise its responses during the August 16, 2018 conference call, after which the privilege was asserted. Compelling production of such communications would vitiate the settlement negotiations privilege and would likely lead to the dissemination of documents which

would be misleading to the putative class and unduly prejudicial to Defendant.

                                              Respectfully submitted,

                                              */s/ Parker M. Wornall*
                                              Randall S. Strause
                                              Courtney L. Graham
                                              Parker M. Wornall
                                              STRAUSE LAW GROUP, PLLC
                                              804 Stone Creek Pkwy., Ste. One
                                              Louisville, KY 40223
                                              T: (502) 426-1661
                                              F: (502) 426-6772
                                              E: rstrause@strauselawgroup.com
                                                   cgraham@strauselawgroup.com
                                                   pwornall@strauselawgroup.com
                                              COUNSEL FOR WEBSTAURANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of November, 2018, a true and correct copy of the foregoing was sent via **email** and **first class mail** to the following:

Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
MFoster@MarkNFoster.com
*Counsel for Plaintiff Brittany Rogers*

                                              */s/ Parker M. Wornall*
                                              Parker M. wornall
                                              COUNSEL FOR WEBSTAURANT