UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:18-CV-00074-JHM

BRITTANY ROGERS, on Behalf of
Herself and All Others
Similarly-situated                                                                    PLAINTIFF

VS.

THE WEBSTAURANT STORE, INC.                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Brittany Rogers to compel production of an agreement between the Defendant and non-party April Duncan (DN 49). Rogers' motion also seeks an award of attorney's fees in bringing the motion. Defendant The Webstaurant Store, Inc. has filed its response at DN 55 and Rogers has replied at DN 65.

### Background

Webstaurant is engaged in the business of selling commercial kitchen equipment through its website. It employs customer support representatives and other employees at several locations, who are paid on a salary basis. Rogers was employed by Webstaurant at the customer support facility in Madisonville, Kentucky from April 13, 2015 to December 19, 2017. Rogers complaint against Webstaurant alleges that it willfully failed to record employees' time for work performed and failed to compensate her and other employees for work in excess of forty hours in a work week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (DN 1). The Court has granted her motion to conditionally certify this case as a collective action (DN 44).

April Duncan was also employed by Webstaurant in a customer support capacity from December 1, 2014 to July 26, 2017 (DN 49, p. 4). In her own claim separate from this action she charged Webstaurant with having failed to pay her for overtime. Duncan and Webstaurant negotiated a settlement of her claim, which was memorialized in an agreement. The agreement was submitted to the Hopkins Circuit Court for *in camera* review, but not made part of the court record (Id., p. 5). Duncan's counsel was the same attorney representing Rogers in this action.

Rogers sought production of the Duncan settlement agreement from Webstaurant through a request for production of documents. Webstaurant objection to production as follows:

> **ANSWER:** OBJECTION: Upon information and belief, the same Mark N. Foster that is counsel for Plaintiffs in this action was sole counsel for April Duncan was therefore a party to the agreement and has in his possession or has equal access to the Agreement sought, thereby making this Request duplicative and unnecessarily burdensome.

(DN 49-2, p. 10).

Rogers' counsel notified Webstaurant that he did not believe it would be appropriate for him to share information from a former-client's file with a current client, hence the reason for seeking independent production from Webstaurant. Subsequent communications between the parties and an informal conference with the undersigned culminated in Webstaurant's position that the document is privileged and not subject to production.

Rogers' Argument for Production

Webstaurant's objection to the request for production of the settlement agreement was simply that production imposed an unnecessary burden upon it because Rogers' attorney already had it in his possession. Rogers' motion makes an argument for why this objection is not valid,

however since Webstaurant did not address it in its response it appears it has abandoned this objection.

During the informal status conference with the Court, Webstaurant raised privilege as additional ground for not producing the agreement. Rogers asserts that Webstaurant has waived the privilege by not asserting it at or within the time permitted for responding to the request, citing Troutman v. Louisville Metro Dep't of Corr., No. 3:16-CV-742-DJH, 2018 WL 3041079, at *3 (W.D. Ky. June 19, 2018).

As to whether any privilege exists, Rogers anticipates an argument by Webstaurant premised on Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 979 (6th Cir. 2003) and the doctrine of "settlement privilege," which relates to protection of communications and documents made or created in furtherance of settlement negotiations. Rogers argues that the privilege does not apply to finalized settlement agreements and is limited to predicate communications and documents which are in furtherance of settlement discussions. She cites Westlake Vinyls, Inc. v. Goodrich Corp., No. 5:03-CV-00240-R, 2007 WL 1959168, at *3-4 (W.D. Ky. June 29, 2007).

## Webstaurant's Response

Webstaurant chose to focus its response on arguments related to whether the settlement agreement is relevant rather than addressing Rogers' legal analysis of why production of the document is neither burdensome nor subject to privilege. Moreover, Webstaurant's response is devoid of citation to, or discussion of, any legal authority.

Webstaurant advances a public policy argument against producing the settlement agreement, noting that "each settling party foregoes certain rights, abilities, and opportunities in order to settle the case, not the least of which is the ability to leverage the settlement for future

gain" (DN 55, p. 1). In this regard, the undersigned observes that the person making the discovery request, Ms. Rogers, was not a party to the Duncan settlement and therefore gave up no rights.

The arguments of the parties lead the undersigned to assume that the settlement agreement contains a confidentiality provision. Webstaurant reasons that any use of the agreement by Rogers would by necessity violate this provision because Rogers' attorney "can never not be April Duncan's attorney" (Id., p. 2). Significantly, neither party has explained what the terms of any confidentiality provision may be. As noted above, Rogers was not a party to the agreement and could not be bound by any confidentiality provision. Webstaurant has offered no authority for the proposition that an agreement binding Duncan's attorney to confidence also binds any future clients.

## Discussion

A party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery must be "proportional to the needs of the case, considering importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

As to the objection which Webstaurant voiced in its response to the discovery request, namely that Rogers' attorney already had a copy by virtue of his representing Duncan and that sending Rogers another copy would be an unnecessary burden, the undersigned concludes that Webstaurant has abandoned this objection by failure to address it in the response to the motion to compel. Regardless, the objection is without merit. Just because an attorney representing a client

4

in an instant case may possess documents or information relative to another client does not mean that the attorney is free to transfer documents or information between clients. To do so, without the other client's consent, would likely violate the duty of confidentiality of information imposed by Kentucky's code of professional conduct, SCR 3.130(1.6).

Rogers seeks production of a settlement agreement between the Webstaurant and non-party employee Duncan in which she apparently settled claims against Webstaurant of a nature similar to those asserted in the complaint in this case. The undersigned agrees with Rogers that, to the extent Webstaurant has challenged the relevance of that document, those arguments go to admissibility, not relevance.

The undersigned further agrees that Webstaurant waived its objection based on privilege when it failed to assert the privilege at the time it made its response. "[T]he failure to raise a pertinent objection to a discovery request within the allotted response period results in the waiver of that objection." Troutman, 2018 U.S. Dist. LEXIS 101876 at *10. Parties may not engage in "rolling objections."

Moreover, the undersigned concludes that, even if properly asserted, the privilege would not apply in this case. As made clear in Westlake, the settlement privilege does not extend to finalized settlement agreements. "[D]ocuments such as *finalized* settlement agreements, regardless of whether the parties designate them as confidential, . . . are not necessarily protected from third-party discovery." Westlake, 2007 U.S. Dist. LEXIS 47857 at *11 (emphasis in original).

Award of Attorney's Fees

Having concluded that Webstaurant's objection to producing the settlement agreement was unmeritorious, attention now turns to whether Rogers' request for attorney's fees in making the motion to compel should be granted.

Where a motion to compel is granted, Fed. R. Civ. P. 37(a)(5)(A) directs the Court to "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expense incurred in making the motion, including attorney's fees." The rule further instructs, however, that the Court should not impose this sanction if the movant failed to attempt in good faith to obtain the discovery without court action, if the opposing party's failure to provide the discovery was "substantially justified," or other circumstances "make an award of expenses unjust."

As to the first circumstance which may make an award inappropriate, it is evident from the communications detailed in Roger's motion that she made extensive efforts to resolve the dispute before seeking the Court's intervention. As to the second, that the refusal was substantially justified, "substantial justification will be found to exist in those cases in which a genuine dispute exists between the parties where a reasonable people (*sic*) could disagree on the appropriateness of one party or the other party's decisions regarding the contested discovery objections and responses." Blackwell v. Liberty Life Assur. Co., No. 3:16-CV-376-DJH, 2016 U.S. Dist. LEXIS 73317, at *51 (W.D. Ky. May 20, 2016). The only objection voiced in the written response was that Roger's attorney already had a copy in Duncan's file, so making another copy was an unreasonable burden. This was a frivolous objection. It was only later that Webstaurant decided to interpose different reasons for refusing to produce the requested document and, in response to Roger's motion, failed to cite any legal authority in support of its positions. The undersigned

concludes that Webstaurant was not substantially justified in opposing Roger's request and motion. Finally, Webstaurant has not identified any circumstance which would make an award under Rule 37 unjust.

ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (DN 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that by **no later than January 4, 2019** Defendant shall provide the Plaintiff with the Duncan settlement agreement.

**IT IS FURTHER ORDERED** that by **no later than January 4, 2019** Plaintiff shall file of record for the Court's consideration an itemized statement of the fees she seeks.

Copies to:   Counsel of Record